USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: March 25, 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**VANGUAGRD LOGISTICS (USA), INC.**

                  **Plaintiff,**

-against-

**BLUJAY SOLUTIONS LTD.,**

                  **Defendant.**

**20-CV-4383 (ALC)**

**MEMORANDUM AND ORDER**

---

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff, Vanguard Logistics (USA), Inc. ("Plaintiff") commenced this action against Blujay Solutions LTD. ("Defendant"), alleging that Defendant orchestrated a fraudulent scheme to sell software to Plaintiff. Pending before the Court is Defendant's motion to compel arbitration. (ECF No. 16.) For the following reasons, Defendant's motion is granted in part and denied in part. Specifically, Defendant's motion to compel arbitration is granted, and Defendant's request for attorney's fees is denied.

**BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff commenced this action on June 8, 2020, alleging that Defendant orchestrated a fraudulent scheme to sell software to Plaintiff that it was not capable of providing. *See* ECF No. 1, Compl. Plaintiff is a non-vessel-operating common carrier that provides ocean transportation services to shippers. *Id.* at ¶ 11. Defendant is an international transportation logistics software developer. After soliciting software developers to replace its Enterprise Resource Planning ("ERP"), Plaintiff contracted with Defendant to develop the ERP. *Id.* at ¶¶ 16–21. Plaintiff now brings this action to address misrepresentations from Defendant regarding its ability to develop

1

the platform to Plaintiff's requirements. Plaintiff asserts causes of action for breach of contract, fraudulent inducement, fraudulent misrepresentation, and unjust enrichment.

On August 21, 2020, Defendant moved to compel this matter to arbitration. (ECF No. 16.) Defendant alleges that the Parties set forth a specific dispute resolution process under the Agreement. ECF No. 1-1, Agreement. Section 21.10 of the Agreement provides that if there is dispute, the Parties shall "first endeavor to resolve such Dispute through negotiation between senior executives of the Parties." *See* Def.s Mem. of Law at 3; Agreement, Section 21.10. If the parties are unable to resolve the dispute, Section 21.10 provides:

> The Parties shall select a mutually acceptable arbitrator. If the parties are unable to agree on an arbitrator within fifteen (15) days after submission of a name, each of the Parties shall, within fifteen (15) days thereafter, choose an arbitrator selector ("Selector") who shall not be affiliated with [] any of the Parties hereto. The two Selectors shall then have ten (10) days to select an arbitrator who shall serve as the final arbitrator for the Dispute. The arbitrator shall not be an affiliate in of [*sic*] any of the Parties hereto, shall have legal or business expertise in the subject matter which is the basis of the Dispute and shall demonstrate the ability and willingness to resolve the Dispute in an expedited fashion. The parties agree that neither shall attempt to initiate any legal proceedings against the other without first participating in Executive Negotiations and the arbitration process.

Section 21.10.

Plaintiff opposed the motion on September 24, 2020, arguing that Plaintiff did not agree to binding arbitration, and Defendant replied on October 15, 2020. The Court considers the motion fully briefed.

## I. Standard of Review

Where . . . a party unambiguously refuses to arbitrate, a court's role is limited to determining '(1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement.' " *HBC Solutions, Inc. v. Harris Corp.*, No. 13 Civ. 6327, 2014

WL 6982921, at *4 (S.D.N.Y. Dec. 10, 2014) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Belco Petroleum Corp.*, 88 F.3d 129, 135 (2d Cir. 1996)).

The party "seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid." *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010); *accord Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91–92 (2000). "If the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995).

This standard reflects "a strong federal policy favoring arbitration as an alternative means of dispute resolution." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010) (quoting *Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001)). That policy stands so strong, in fact, that the United States Court of Appeals for the Second Circuit has noted that "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy we 'have often and emphatically applied.'" *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006) (quoting *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir. 1995)).

Because arbitration has its roots in contract law, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Accordingly, despite the "'liberal federal policy favoring arbitration agreements,' [an arbitration agreement] must not be so broadly construed as to encompass claims and parties that were not intended by the original contract." *Id*. (citation

3

omitted) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985)).

      **i.      The Agreement Evidences an Intent to Arbitrate**

Plaintiff argues that since the Agreement does not include words such as "binding," "award," and "ruling," or imply "to complete" or "to resolve", and the Agreement fails to specify a forum, it cannot be said that the parties intended binding arbitration. Plaintiff's argument is unavailing. The Court first notes that on a plain reading of the Agreement, contrary to Plaintiff's assertion, the Agreement contemplates resolution of the case. Section 21.10 provides "[t]he arbitrator shall not be an affiliate in of [*sic*] any of the Parties hereto, shall have legal or business expertise in the subject matter which is the basis of the Dispute and shall demonstrate the ability and willingness *to resolve* the Dispute in an expedited fashion." Agreement, Section 21.10 (emphasis added). Although Plaintiff states otherwise, the Agreement explicitly references that the arbitrator would "resolve the dispute". Therefore, the Parties' agreement evidences an intent of the Parties to commit this matter to a third party for resolution.

Second, even if those specific words were not in the agreement, Courts have generally concluded that "[n]o magic words such as 'arbitrate' . . . are needed to obtain the benefits of the [FAA]." *AMF Inc. v. Brunswick Corp.,* 621 F. Supp. 456, 460 (E.D.N.Y. 1985) (Weinstein, J.); *see also Bakoss v. Certain Underwriters at Lloyds of London Issuing Certificate No. 0510135,* 707 F.3d 140, 142–44 (2d Cir. 2013) (finding that a clause calling for a third-party physician to make a determination about the plaintiff's disability constituted an "arbitration agreement"); *McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co.,* 858 F.2d 825, 830 (2d Cir.1988) ("It is, in our estimation, irrelevant [for purposes of the FAA] that the contract language in question does not employ the word 'arbitration' as such."); *Cummings v. Consumer Budget Counseling, Inc.,* No. 11

CV 3989, 2012 WL 4328637, at *3 (E.D.N.Y. Sept. 19, 2012) (finding an agreement to "abide by the decision of the mediator" to constitute an agreement to arbitrate under the FAA, "notwithstanding the nomenclature used by the parties"). "Rather, what is important is that the parties clearly intended to submit some disputes to their chosen instrument for the definitive settlement of certain grievances under the Agreement." *McDonnell Douglas,* 858 F.2d at 830 (citation and internal quotation marks omitted); *see also Celltrace Commc'ns Ltd. v. Acacia Rsch. Corp.*, No. 15 Civ. 4746, 2016 WL 3407848, at *3 (S.D.N.Y. June 16, 2016), aff'd in part, vacated in part, remanded, 689 F. App'x 6 (2d Cir. 2017) (finding that even where the Agreement referenced the possibility of subsequent litigation, the Parties intended to engage in binding arbitration.) The instant Agreement evidences the Parties' intent to resolve their disputes first through executive negotiations and then through arbitration.

Likewise, Courts have found that silence as to certain terms in the Agreement does not defeat an agreement to arbitrate. Even assuming that the agreement does not dictate a forum or provide rules that would govern the arbitration as Plaintiff suggests, the terms are non-essential. *See Wework Companies, Inc. v. Zoumer*, No. 16 Civ. 457, 2016 WL 1337280, at *5 (S.D.N.Y. Apr. 5, 2016) (holding that "[t]he lack of specific terms governing the arbitration's procedure does not invalidate the agreement, considering that the FAA provides an objective method to fill gaps in arbitration agreements" (citing 9 U.S.C. §§ 5, 7)); *Hojnowski v. Buffalo Bills, Inc.*, 995 F. Sup. 2d 232, 236 (W.D.N.Y. 2014) (holding there is no authority to suggest that the rules and procedures governing arbitration are essential terms). Therefore, the Court finds that Parties intended to engage in binding arbitration. Accordingly, there being no dispute that this lawsuit is within the scope of the arbitration provision, Defendant's motion to compel arbitration is granted.

### ii.    A Stay is Warranted

The Second Circuit has held that outright dismissal is ordinarily not appropriate. *See Katz v. Cellco Partnership*, 794 F.3d 341, 346 (2d Cir. 2015) (holding that although "efficient docket management is often the basis for dismissing a wholly arbitrable matter," that prerogative "cannot trump a statutory mandate, like Section 3 of the FAA, that clearly removes such discretion"). Instead, where, as here, all of the claims are arbitrable and a stay has been requested, "the text, structure, and underlying policy of the FAA mandate a stay of proceedings." *Id.* at 347. Therefore, Defendant's request for a stay is granted.

### iii.    Attorney's Fees

Defendant moves the Court for an award of legal fees and costs it incurred as a result of bringing the instant motion to compel arbitration. "Under the general rule in New York, 'attorneys' fees are incidents of litigation and a prevailing party may not collect them from the losing party unless such an award is authorized by agreement between the parties, statute or court rule.'" *Bonnie & Co. Fashions v. Bankers Trust Co.,* 955 F.Supp. 203, 217 (S.D.N.Y. 1997) (quoting *Bourne Co. v. MPL Communications, Inc.*, 751 F. Supp. 55, 57 (S.D.N.Y. 1990)). However, "the intent to provide for counsel fees [by agreement between the parties] as damages for breach of contract must be 'unmistakably clear' in the language of the contract." *Id.* (alteration in original) (citing *Bridgestone/Firestone, Inc. v. Recovery Credit Svcs., Inc.*, 98 F .3d 13, 20–21 (2d Cir.1996)).

Defendant invokes Paragraph 8.3 of the Agreement, which provides that upon request Plaintiff "agrees to reimburse [Defendant] for any collection fees, including reasonable attorney fees, incurred by [Defendant] in enforcing its rights under this agreement." The Court agrees with Plaintiff that this attorney's fees provision is tethered to non-payment under the agreement, and no

6

statute, or any other provision of the Agreement authorizes an award here. Additionally, as Defendant states that it will be submitting claims for non-payment which would entitle it to an award of attorney's fees under the agreement, Defendant must seek its fees and costs in arbitration.

## CONCLUSION

For the foregoing reasons, Defendant's motion to compel arbitration is granted, and Defendant's request for attorney's fees is denied. The case is hereby stayed pending arbitration.

**SO ORDERED.**

**Dated:  March 25, 2021**
        **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**